872 F.2d 417
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,
v.
ANDERSON'S RESTAURANT OF CHARLOTTE, INC., Defendant-Appellee.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,
v.
ANDERSON'S RESTAURANT OF CHARLOTTE, INC., Defendant-Appellant.
 Nos. 87-3154, 87-3161.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1988.
Decided March 24, 1989.
 
 Lamont Navarro White (Charles A. Shanor, General Counsel, Gwendolyn Young Reams, Associate General Counsel, Lorraine C. Davis, Assistant General Counsel, Equal Employment Opportunity Commission on brief) for appellant.
 Philip Marshall Van Hoy (Mullins & Van Hoy on brief) for appellee.
 Before ERVIN, Chief Judge, and WIDENER and WILKINS, Circuit Judges.
 WILKINS, Circuit Judge:
 
 
 1
 The Equal Employment Opportunity Commission (EEOC) and Anderson's Restaurant of Charlotte, Inc. each appeal from the judgment of the district court in this employment discrimination action brought by the EEOC pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. Secs. 2000e, et seq. (West 1981). Anderson's Restaurant challenges the finding that it had engaged in a pattern and practice of discrimination against blacks in its hiring practices. The EEOC contests the denial of individual relief to the persons on whose behalf it had instituted the action. We affirm in part, reverse in part, and remand for further consideration.
 
 I.
 
 2
 This action arose from a charge filed in April 1983 by Edna Harrison, a black female fired from a bus help position at Anderson's Restaurant. Harrison alleged that she was discharged due to her race and that Anderson's Restaurant regularly discriminated against blacks by refusing to employ them as cashiers or waitresses. After investigation the EEOC found no reasonable grounds to believe that Harrison's discharge was racially motivated. It did, however, discover evidence of a pattern and practice of racial discrimination in the hiring of waitresses and cashiers at Anderson's Restaurant. This Title VII action was instituted by the EEOC on behalf of certain black females who had allegedly applied unsuccessfully for waitress or cashier positions. The EEOC sought general injunctive relief and individual relief of instatement and back pay for the named individuals.
 
 
 3
 After a bench trial the district court found that Anderson's Restaurant had engaged in a pattern and practice of racial discrimination. EEOC v. Anderson's Restaurant of Charlotte, Inc., 666 F.Supp. 821 (W.D.N.C.1987). Based on that finding the district court permanently enjoined Anderson's Restaurant from such discrimination and directed it to provide equal employment opportunities for black applicants. However, the district court denied individual relief, finding that the named individuals either had not applied for jobs at Anderson's Restaurant or were not qualified for the positions sought.
 
 II.
 
 4
 Failure to hire an applicant because of that person's race constitutes an unlawful discriminatory employment practice. 42 U.S.C.A. Sec. 2000e-2(a)(1). Title VII authorizes the EEOC to institute a civil action against an employer where there is reasonable cause to believe that the employer has engaged in a pattern or practice of discrimination. 42 U.S.C.A. Sec. 2000e-6(a), (c). In such a case, the EEOC bears the burden of establishing a prima facie case of discrimination. Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 336 (1977).
 
 
 5
 The EEOC presented testimony of one of its investigators that three of 138 employment applications included handwritten notations of race. An employee of Anderson's Restaurant testified that she also had observed a notation of race on an application. And a former employee testified that she observed a cashier destroy an application submitted by a black female. The district court found that this evidence standing alone was insufficient to establish a pattern or practice of discrimination.
 
 
 6
 The EEOC also presented statistical evidence consisting of raw data[1] concerning the number and race of waitresses and cashiers hired by Anderson's Restaurant; the EEOC investigators' representations of the number and race of applicants[2] for employment at Anderson's Restaurant; and the composition of the general work force and the relevant pool of black waitresses in the Charlotte area. The data showed that prior to 1983 only one black had been hired as a waitress or cashier, while cooks and bus helpers were predominantly black. More specifically, there were 22 waitress positions available from January 1982 to October 1983. Of 29 unsuccessful applicants for waitress positions at least nine were black. Only one black waitress was hired, in May 1983. During the same period, there were seven available cashier positions. Of 48 applicants for cashier positions at least 10 were black, yet no black was hired as cashier. In contrast, 37 cooks and bus helpers were hired in the relevant time period, all of whom were black. The general work force in the Charlotte area was 20% black and 12.9% of the total waitress work force was black.
 
 The district court found that:
 
 7
 The short of the matter is, by Anderson's own admission, no blacks were hired as waitresses from 1979 through April 29, 1983, and no blacks were hired as cashiers ever until 1984, in contrast to the many whites who were hired into these positions during the same time period. Every black whom Anderson's hired during this period was hired into the position of cook or bus help and Anderson's hired no whites into those positions in this same period.
 
 
 8
 666 F.Supp. at 842. Based on the statistical evidence in combination with the evidence of racial notations on applications, the district court concluded that Anderson's Restaurant had engaged in a pattern and practice of disparate treatment against blacks in the employment of waitresses and cashiers.
 
 
 9
 Pursuant to Federal Rule of Civil Procedure 52(a), the factual findings of the district court "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). This court may not reverse the factual findings "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety." Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985). After reviewing the record as a whole, we conclude that the finding of a pattern and practice of racial discrimination was not clearly erroneous.
 
 
 10
 The Supreme Court has held that "statistics can be an important source of proof in employment discrimination cases," Hazelwood School Dist. v. United States, 433 U.S. 299, 307 (1977), but "their usefulness depends on all of the surrounding facts and circumstances." Teamsters, 431 U.S. at 340. In certain cases, gross statistical disparities alone may establish a prima facie case of a pattern or practice of discrimination. Hazelwood, 433 U.S. at 307-308. Here, the statistical data clearly established a prima facie case of a pattern and practice of racial discrimination by Anderson's Restaurant in the hiring of waitresses and cashiers.
 
 
 11
 Once the EEOC established its prima facie case, the burden shifted to Anderson's Restaurant "to defeat the prima facie showing of a pattern or practice by demonstrating that the [EEOC's] proof [was] either inaccurate or insignificant." Teamsters, 431 U.S. at 360. Anderson's Restaurant failed to meet its burden, for its own records showed that despite many opportunities over a considerable period of time, it had hired only one black waitress and no black cashiers.
 
 III.
 
 12
 Once it was established that Anderson's Restaurant had engaged in a pattern and practice of racial discrimination, the district court was justified in ordering injunctive relief. However, further inquiry was necessary on the question of whether individual relief was warranted. Teamsters, 431 U.S. at 361. A presumption arose from proof of a pattern and practice of discrimination that the named individuals were not hired for discriminatory reasons. Id. at 362. The EEOC then was required to prove only that the individuals unsuccessfully applied for a job. Id. The burden thereafter shifted to Anderson's Restaurant to show that the individuals were not hired for lawful reasons. Id. Although at trial the EEOC sought individual relief for seven black females, on appeal it pursues the denial of relief for only four: Joyce Mitchell, Penelope Pendergrass, Renee Jeffries, and Cynthia Lincoln. The district court found that each of these four either did not apply for a job at Anderson's Restaurant or was not qualified for the position sought.
 
 
 13
 Anderson's Restaurant is a family-owned restaurant which employs cashiers/hostesses, waitresses, cooks, and bus help. The owner/manager of Anderson's Restaurant testified that applicants for employment as waitresses and cashiers must meet several requirements. They must be of legal age to serve alcoholic beverages, and they must be able to read and write, but there are no other educational requirements. Applicants must also be available for full-time work, and recent experience is heavily preferred.
 
 
 14
 Joyce Mitchell testified that she applied for a job as a cashier at Anderson's Restaurant in response to a newspaper advertisement. However, she contradicted herself concerning her descriptions of numerous matters including the approximate date she applied for the job, the contents of the advertisement, the length of the application, and the location and interior of the restaurant. The district court found that she did not apply for a job at Anderson's Restaurant.[3]
 
 
 15
 Penelope Pendergrass testified that she applied for a position as a cashier or waitress, but she was uncertain as to when she applied. She admitted that she applied for a part-time position which the district court found disqualified her from employment at Anderson's Restaurant.
 
 
 16
 Renee Jeffries testified that she applied for a position as a cashier or waitress in June 1983, but she admitted that she had no relevant experience in either of these positions. Cynthia Lincoln testified that she applied for a cashier position in July 1983 but she was inconsistent regarding the extent of her experience. The district court found that there was only one vacancy at the relevant time and Anderson's Restaurant legitimately hired another applicant who possessed more experience than either Jeffries or Lincoln. 666 F.Supp. at 844, 845.
 
 IV.
 
 17
 The district court findings were largely a result of its credibility assessment of the individuals' testimony: "The Court finds that the testimony, on the whole, of each and every one of these claimants is so fraught with inconsistencies and contradictions that it can hardly be deemed reliable or credible." Id. at 831. These findings based on determinations of witness credibility are entitled to great deference under Rule 52(a). Anderson v. City of Bessemer City, 470 U.S. at 575. After reviewing the testimony, we cannot say that the findings regarding Mitchell and Pendegrass were clearly erroneous. However, Anderson's Restaurant payroll records demonstrate that the district court clearly erred in finding that only one vacancy for cashier existed during the relevant time that Jeffries and Lincoln applied for such a position.
 
 
 18
 In making the erroneous finding, the district court relied on EEOC Exhibit 22 which consisted of Anderson's Restaurant's Responses to Interrogatories. 666 F.Supp. at 828. Response to Interrogatory No. 6 provided a list of all waitresses and cashiers hired from February 1982 through December 1985 and identified only one cashier, Skyland Pope, as being hired during the relevant period of Jeffries' and Lincoln's applications. The actual payroll records, Exhibit 71, demonstrate that this list of personnel hirings was incorrect in this respect.
 
 
 19
 These payroll records contain Personnel Change Reports for each pay period which indicates hires and terminations during the period. Cashiers are identified by a code "100." The report for the pay period ending July 15, 1983 indicates that Ruth Shaffer was rehired as a cashier during that period. During the next pay period ending July 30, cashier Betty Hendrix was terminated. Skyland Pope was hired during the period ending August 15 and during that same period, Eva Hilderman was also hired as a cashier. Three cashiers were terminated during the next period ending August 30.
 
 
 20
 The records clearly establish that more than one cashier vacancy existed during the period that Jeffries and Lincoln applied at Anderson's Restaurant. However, the district court's error is understandable in view of the fact that the EEOC apparently failed to confirm the accuracy of the list in Exhibit 22 and direct the court's attention to the conflict in the evidence. In fact, the post-trial Revised Proposed Findings of Fact filed by the EEOC repeatedly referred only to the hiring of Skyland Pope. Nevertheless, the finding of only one vacancy is not supported by the evidence.
 
 
 21
 Under ordinary circumstances, Anderson's Restaurant's failure to establish valid, non-discriminatory reasons for not hiring Jeffries and Lincoln would entitle them to individual relief and a limited remand for determination of that relief. However, since both parties were responsible for allowing this inaccuracy in the evidence to be assumed as correct and neither brought it to the attention of the court, fairness dictates that the matter be remanded for further consideration. See Ramada Development Co. v. Rauch, 644 F.2d 1097, 1111 (5th Cir.1981). On remand, the court will have the opportunity to explore the source of the conflicting evidence, further determine the circumstances of the other vacancies and grant such relief as may be appropriate.
 
 
 22
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 [1]
 The EEOC was precluded from presenting a statistician due to discovery abuse. It does not challenge this ruling on appeal
 
 
 [2]
 The employment applications were not available at trial because they were lost or destroyed. Anderson's Restaurant had previously allowed an EEOC investigator access to all the applications. And although the investigator made notes regarding the contents of the applications, he failed to copy them. The district court did not "consider the discarding of applications on the part of Anderson's an indication of culpability or a bad motive." 666 F.Supp. at 832
 
 
 [3]
 The EEOC conceded at oral argument that Mitchell did not apply for a job at Anderson's Restaurant